**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NORMA ANGELICA CONTRERAS AYALA,**<br>**Petitioner,**<br>**v.**<br>**MARKWAYNE MULLIN, et al.,**<br>**Respondents.** | **NO. 5:26-cv-06645-KS**<br><br>**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

## BACKGROUND

Before the Court is an "Emergency Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Petition") filed by Petitioner's retained counsel on November 6, 2026. (Dkt. No. 1.[1]) Petitioner is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center located in Adelanto, California, within the Central District of California. (*Id.* ¶ 12.) Petitioner is a native and citizen of Mexico who entered the United States around August 2004. (*Id.* ¶¶ 12, 19.) She has lived in the United States for approximately 22 years and is the mother of three U.S. citizen children, including two sons with developmental disabilities for whom she is the primary caregiver. (*Id.* ¶¶ 2-4, 19, 28-36.) She faces ongoing removal proceedings. (*Id.* ¶ 20.)

[1] The Court's document and page citations refer to the document and page numbers provided by its CM-ECF docketing system; the page numbers appear near the upper right corner of each page.

On October 30, 2026, Petitioner attended her scheduled biometrics appointment and ICE officers took her into custody. (*Id.* ¶ 24.) Petitioner asserts that her arrest and detention were effected without a warrant, notice, pre-deprivation hearing, or other opportunity to be heard. (*Id.* ¶¶ 52-95.) As of the date the Petition was filed, Petitioner remained in immigration detention. (*Id.* ¶ 1.)

The Petition raises four claims challenging Petitioner's detention as violations of the Immigration and Nationality Act and on due process grounds. (*Id.* ¶¶ 52-95.) The Petition seeks Petitioner's immediate release from ICE detention. (*Id.* ¶¶ 96-106.)

On November 6, 2026, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule ("GO 26-05 Notice"). (Dkt. No. 5.) The GO 26-05 Notice directed "Respondents to show cause why the writ of habeas corpus should not be granted." (*Id.* at 1.) More specifically, the GO 26-05 Notice required Respondents to "file a notice of appearance within 3 calendar days" and "file an answer to the habeas petition no later than 7 days." (*Id.* at 2.)

As of the date of this Order, Respondents have not entered an appearance or filed any response to the Petition.

Based upon the foregoing, the Court deems this matter submitted for decision.

**DISCUSSION**

28 U.S.C. § 2241 provides, in pertinent part, that a writ of habeas corpus extends to individuals who are in custody "under or by color of the authority of the United States or [are] committed for trial before some court thereof" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). "[D]istrict courts retain

jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Furthermore, 28 U.S.C. § 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto" and that such an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Additionally, "[i]n our adversarial system of adjudication, we follow the principle of party presentation" such that "in both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Moreover, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76 (citation modified). Indeed, "[c]ourts are essentially passive instruments of government" and they "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *Id.* at 376 (citation modified).

Here, the GO 26-05 Notice issued on November 6, 2026, directed Respondents to show cause within seven days why the Petition should not be granted by filing an answer to the Petition. (Dkt. No. 5 at 1-2.) Respondents, by failing to enter an appearance or file an Answer as directed, *did not* show cause "why the writ of habeas corpus should not be granted." 28 U.S.C. § 2243. Consequently, as it *does not* appear from the face of the Petition that Petitioner

"is not entitled" to relief, and the time to show cause has passed with none having been shown, the Court finds that it may now "forthwith award the writ." *Id.*; *Sineneng-Smith*, 590 U.S. at 375-76.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the unopposed Petition. A writ of habeas corpus shall issue and Respondents are **ORDERED** to **IMMEDIATELY RELEASE Petitioner NORMA ANGELICA CONTRERAS AYALA [A# 242-527-900]** from custody. Respondents shall also return all property confiscated from Petitioner (if any), including all identification and immigration documentation, during Petitioner's arrest and processing. Respondents are enjoined from re-detaining Petitioner without notice and a meaningful opportunity to be heard before a neutral decisionmaker. Respondents shall also file a notice within three (3) days of the Court's order confirming Petitioner's release. **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

**IT IS SO ORDERED.**

DATE: November 19, 2026

Karen L. Stevenson

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE